

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Hon. Geo. H. Sheppard,
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. O-1672-A
Re: Authority of Limitation of
Payments Board to authorize
expenditures supplementing
a specific item of appro-
priation.

On November 17, 1939, in answering your letter of
November 10, 1939, this department rendered Opinion No.
O-1672, wherein it was held that the Board of Limitation of
Payments set up by the provisions of Senate Bill 427, Acts
of the 46th Legislature, was without the jurisdiction or
authority to permit the use of a surplus in a special fund
for purposes for which a specific appropriation has been made
by the Legislature in such manner that the amount available
for that specific purpose was definitely ascertainable.

Since rendering that opinion, this department has,
upon its own initiative, undertaken a re-examination of the
question involved therein, and has, after careful study and
consideration of the problem, reached the conclusion that
the holding therein made was erroneous.

The general rider appended to Senate Bill 427, Acts
of the 46th Legislature, provides in part as follows:

"(b) The appropriations herein provided are to
be construed as the maximum sums to be appropriated
to and for the several purposes named herein, and the
amounts are intended to cover and shall cover the
entire cost of the respective items, and the same
shall not be supplemented from any other source; and,
except as otherwise provided, no other expenditures
shall be made, nor shall any other obligations be
incurred by any department of this State, ..."

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

"Limitation of Payments. Except as otherwise provided, whenever, by virtue of the provisions of this Act, items are to be paid out of fees, receipts, special funds or out of other funds available for use by a department, it is the intention of the Legislature to limit expenditures out of said fees, receipts, special funds or other available funds to the purposes and in the amounts itemized herein, and it is so provided. If, however, the amount of the fees, receipts, special or other available funds herein referred to are more than sufficient to pay the items herein designated to be paid therefrom, the department to which the said fees, receipts, special funds or other available funds are appropriated may, if necessary to adequately perform the functions of said department, use any portion of said surplus fees, receipts, special funds or other available funds; provided, however, that before doing so, the head of such department shall under oath make application jointly to the Governor, the Attorney General and the State Treasurer setting forth in detail the necessity for using such surplus fees, receipts, special funds or other available funds and itemizing the purposes for which the same are to be used ..."

Our reconsideration of this matter has convinced us that the interpretation heretofore placed upon these two provisions by the opinion referred to is not such as is calculated to carry out the design and intent of the Legislature in enacting the paragraph styled "Limitation of Payments." We believe that in enacting the limitation of payments clause, the Legislature had in mind that if there should be an actual surplus on hand in a special fund, and if the department to which the special fund is appropriated is able to demonstrate to the Limitation of Payments Board that the functions of said department could not be adequately performed without using a portion or all of said surplus fund, that the Limitation of Payments Board might have authority, upon proper application, to authorize the use of a portion or all of said fund for itemized purposes, even though the Legislature had provided a definitely ascertainable amount of money by itemization for that specific purpose. In other words, we are of the opinion that the Legislature intended to confer upon the Limitation of Payments Board the authority to authorize additional expenditures by way of supplementing an item for which specific provision had been made by the Legislature, out of an actual surplus, upon the showing of the necessity, the Legislature apparently realizing that situations might conceivably arise wherein its

estimate of the amount necessary for a particular purpose in order to carry out adequately the functions of a department might be wholly inadequate for that purpose.

It is therefore the opinion of this department that the Limitation of Payments Board has authority and jurisdiction to authorize expenditures out of an actual surplus upon a showing of necessity therefor, even though such expenditures may operate to supplement an item for which a specific and definitely ascertainable amount was provided by the Legislature, and, therefore, our opinion No. 0-1672 is hereby overruled and withdrawn, and this opinion is rendered in lieu thereof.

We are not to be understood, however, as holding herein that the Limitation of Payments Board has the authority to authorize the use of all or a portion of a surlpus in a special fund for supplementing a traveling expense item. Traveling expenses, being governed by a peculiar and special provision of the general rider appended to Senate Bill 427, Acts of the 46th Legislature, may not be supplemented in any event, as held in our Conference Opinion No. 3089.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By          *R. W. Fairchild*

R. W. Fairchild
Assistant

RWF:pbp

APPROVED MAR 18, 1940

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS

THIS OPINION CONSIDERED AND APPROVED IN LIMITED CONFERENCE